IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO STATE UNIVERSITY

       Plaintiff,

    v.

                                Case No. Case: 2:14-cv-02715
                                Judge Watson

KEITH BROWN
d/b/a The Jersey Guy

       Defendant.

STIPULATED FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff The Ohio State University ("Ohio State") and Defendant, Keith Brown., an individual d/b/a The Jersey Guy (both collectively referred to herein as "Defendant" ) submit to the Court the following Stipulated Final Consent Judgment and Permanent Injunction:

1. Plaintiff Ohio State is a public institution of higher education, with its main campus located in Columbus, Ohio, and regional campuses across the state. The University is dedicated to undergraduate and graduate teaching and learning; research and innovation; and statewide, national, and international outreach and engagement. Both undergraduate and graduate students also connect with the University and broader community through an array of leadership, service, athletic, artistic, musical, dramatic and other organizations and events.

2. Defendant Keith Brown ("Brown") is an individual and resident of the State of Ohio, with an address at 546 Bunn Drive, Defiance, Ohio 43512.

3. Defendant Brown admits that he operated an online business as "The Jersey Guy" selling counterfeit football, basketball and baseball jerseys at the website

1

http://thejerseyguyshop.highwire.com/ and Facebook page of

https://www.facebook.com/pages/Authentic-Jerseys-MLB-NFL-MLB-NCAA-NHL-

from-The-Jersey-Guy/114173415293632

4.   Defendant Brown admitted that he was very familiar with and recognized the appearance

of Ohio State University football jerseys, including the following:



worn by the Ohio State football team in the 2015 Sugar Bowl against Alabama; and the

following:



worn by the

Ohio State football team in the 2015 National championship Game against Oregon.

5.       Defendant has admitted that he began purchasing counterfeit college and professional football and basketball jerseys in the Spring of 2010 from vendors in China and paying those vendors in China for the merchandise via Western Union.

6.       Defendant has admitted under oath (See January 23, 2015 Interview of Keith A. Brown, Exhibit 1) that he knew he was selling counterfeit Ohio State football jerseys (as well as copies of NFL and NBA jerseys).

7.       Defendant confirmed that he knew that the following two jerseys bearing the Nike label purchased from Defendant by Ohio State's counsel were counterfeit at the time they



were sold:



8.  Defendant admitted that he purchased both jerseys depicted in paragraph 7 over the internet from a Chinese vendor whose email addresses were candyleung98@163.com and candy2008leung@gmail.com. Defendant admitted that he could order counterfeit Ohio State jerseys off of the website http://www.wieketrade.hk

9.  Defendant admitted that he read the Declaration from Nike, Inc. (Exhibit 2) which confirmed that the two Ohio State jerseys (shown in paragraph 7 above) that Defendant

had sold to Ohio State's counsel were counterfeit and Defendant admitted he was aware that the Nike jerseys he was selling were counterfeit before being served with the Complaint in this lawsuit.

10. Defendant has admitted that he purchased the counterfeit Ohio State football jerseys he purchased cost him approximately $30 and he sold them from his website for between $99 to $115 per jersey.

11. Defendant has admitted that he sold dozens of Ohio State counterfeit football jerseys as well as many other counterfeit collegiate and professional football and basketball jerseys.

12. Defendant has admitted that he never told any customers or potential customers that the jerseys that he was selling were counterfeit or not genuine.

13. After being served with the Complaint in this case, Defendant sent Plaintiff's counsel a letter dated December 24, 2014 (attached as Exhibit 3) admitting that what Defendant Brown had done in selling counterfeit Ohio State jerseys was wrong and apologizing to Plaintiff.

14. This court has jurisdiction over this matter under 15 U.S.C. § 1114, 28 U.S.C. §1338 and 15 U.S.C. § 1125. Venue is proper in this Court under 28 U.S.C. § 1391(b), as Ohio State's cause of action arose and Ohio State is being injured in this judicial district, and because Defendant has purposefully availed himself of the privilege of doing business in this forum.

15. Established in 1870, The Ohio State University has developed into one of the most well-respected institutions of higher learning in the country.

16. For more than 140 years, Ohio State has been actively engaged in providing undergraduate and graduate level educational courses and a broad array of programming

and events, including sports events, recreation programs, and artistic, dramatic, and musical entertainment programming. The University also operates a medical center that has grown into one of the largest patient-care and medical-research centers in the nation. Ohio State licenses and markets various products and services, including publications, clothing, and other merchandise using the Ohio State Trademarks.

17.     In connection with the activities and products described in the preceding paragraphs, Ohio State is the owner of, among others, the following federally registered trademark which is depicted on the counterfeit jerseys that Defendant was selling to the public and sold to Plaintiff's counsel:



a.   Ohio State Athletic Logo                    Registration Numbers 2040784; 2039181 2040783; 2040782; 2039180; 2039179; 2039178;  2039177; 2039176;  2094602; and 2047903.

18.     The certificates of registration are prima facie evidence of the validity of the registered trademarks, Ohio State's ownership of the registered trademarks, and Ohio State's exclusive right to use the registered trademarks in connection with the goods  and  services specified in the certificates of registration enumerated above. All of the registered marks are incontestable, which provides conclusive evidence of their validity under 15 U.S.C. § 1115(b), and constructive notice of the registrant's claim of ownership under 15 U.S.C. § 1072.

19. In addition, Ohio State owns common law trademarks through use for more than 60 years in the distinctive use of its school colors, scarlet and gray in connection with Ohio State football jerseys.

20. Ohio State has used the registered trademarks and the common law trademarks described above (collectively the "Ohio State Trademarks") continuously and exclusively for identification with Ohio State and its academic, athletic and entertainment activities. The Ohio State Trademarks are strong and their respective reputation and goodwill have continuously grown and are now well known throughout the State of Ohio and the United States.

21. The Ohio State Trademarks have become and are now solely associated with Ohio State in the minds of consumers.

22. Defendant is not and has not been licensed by Ohio State to manufacture, sell or distribute Ohio State football jerseys or any products bearing the Ohio State "Athletic" logo depicted in paragraph 17 (above) or any Ohio State Trademarks on any products or services.

23. Ohio State licenses Nike to manufacture and distribute Ohio State football jerseys bearing the Ohio State "Athletic" logo depicted in paragraph 17 (above) and common law trademarks in the color combinations of the Ohio State football jerseys.

24. Defendant's use of the Ohio State "Athletic" logo and common law trademarks in the color combinations of the Ohio State football jerseys in connection with Defendant's advertising, sale and distribution of counterfeit Ohio State football jerseys constitutes trademark counterfeiting under 15 U.S.C. § 1114(1)(a).

25. Defendant's sale of counterfeit Ohio State football jerseys was knowing and willful, which would entitle Ohio State to monetary damages under 15 U.S.C. § 1117.

7

## PERMANENT INJUNCTION

This cause having come on for hearing and by and with the consent of the parties and the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED that:

1.  Defendant and his agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them are permanently enjoined from infringing, or falsely designating the origin of the Ohio State Trademarks, from using the Ohio State Trademarks on goods in any way, and from injuring Ohio State's reputation; and

2.  Defendant and his agents their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them are permanently enjoined from manufacturing, distributing, advertising, marketing, promoting or selling any product, including but not limited to clothing products, that use the common law Ohio State Trademarks and/or Ohio State Athletic logo (or any reasonable facsimile of the Ohio State colors or Athletic logo) on any product; and

3.  Defendant and his agents their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them are permanently enjoined from using any of the Ohio State Trademarks or names or marks deceptively similar to the Ohio State Trademarks in connection with the manufacture, advertising, marketing, promotion or distribution of any product on a website or as metatags, directory names, other computer addresses, invisible data, social media such as Twitter, Facebook, Pinterest or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Ohio State with Defendant or Defendant's products or services.

IT IS FURTHER ORDERED:

1.  That this Court has jurisdiction over the parties to and subject matter of this action.

2.  That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance with this Permanent Injunction and for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Final Consent

8

Judgment and Permanent Injunction.

3. That except for the relief herein granted, the above identified civil action, including all claims, counterclaims, and affirmative defenses which Plaintiff or Defendant have, could have or should have accorded therein, are hereby dismissed with prejudice.

4. Plaintiff and Defendant have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity; and

5. The parties are to pay their own attorneys' fees.

Dated: MARCH 12, 2015

United States District Court Judge

9

APPROVED AS TO FORM:

Michael DeWine
Ohio Attorney General

By

Joseph R. Dreitler, Trial Attorney (0012441)
Mary R. True (0046880)
DREITLER TRUE, LLC
19 E. Kossuth Street
Columbus, OH 43206
(614) 449-6640

jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

Attorneys for Plaintiff
The Ohio State University

By:

Keith Brown
546 Bunn Drive
Defiance, Ohio 43512
tribe35@embarqmail.com
Defendant

10